Kenneth A. **BIRDSONG** and Delta R. Birdsong, Plaintiffs–Appellants,

v.

Raymond **CHRISTIANS**, Defendant, and Darrell Kidd, d/b/a Darrell Kidd Extermination and Pest Control, Defendant–Respondent.

No. 23926.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 6, 2001.

---

David J. Riesenmy, Joplin, for appellants.

Charles Bradley Tuck, Tuck & Lukachick, P.C., Springfield, for respondent.

RAHMEYER, Judge.

This appeal involves the dismissal with prejudice of a lawsuit brought by Kenneth and Delta Birdsong ("Appellants") as a result of an allegedly negligent termite inspection completed by Darrell Kidd, d/b/a Darrell Kidd Extermination and Pest Control ("Respondent"). The trial court dismissed the suit on the first morning of trial as a sanction for alleged discovery violations.[1] Specifically, the trial court found that Appellants failed to supplement their interrogatory answers as required by Rule 56.01(e)(2) in regards to a video that was taken almost four years after the answers to the interrogatories were submitted by Appellants. We reverse and remand.

---

1. The case was not dismissed against a second defendant, as the discovery dispute did not concern that defendant.

■ A trial court has discretion in the choice of remedies in response to the failure to disclose evidence or witnesses during discovery. *Fairbanks v. Weitzman,* 13 S.W.3d 313, 327 (Mo.App. E.D.2000). The trial court abuses that discretion only if its remedy is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate lack of careful consideration. *Id.* We may disturb the sanction ruling only for an abuse of discretion. *Id.*

This case has been before this court previously. On January 25, 1999, the trial court granted summary judgment for Respondent. This court reversed and remanded the case for trial in *Birdsong v. Christians,* 6 S.W.3d 218 (Mo.App. S.D. 1999). A trial was set for October 16, 2000 in front of the same trial judge. At a pretrial conference, Respondent filed a motion for discovery sanctions against Appellants, a motion for continuance, and a motion in limine to keep out a particular videotape. The videotape had been taken by a private detective of Respondent doing a home inspection for termites at the home of a person unrelated to these proceedings. The videotape was taken four years after Appellants answered interrogatories that are the subject of this appeal. Appellants claim they had no duty to disclose the tape because it was not properly requested in the interrogatories.

■ A party, who has responded to written interrogatories with a response that was complete when made, is under no duty to supplement the response to include information thereafter acquired, except to supplement the response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness and the general nature of the subject matter on which the expert is expected to testify. Rule 56.01(e)(1).[2] A party must also seasonably amend a prior response if the party obtains information upon the basis of which the party knows that the original response was incorrect when made or is no longer correct. Rule 56.01(e)(2). "Ordinarily, a party has the obligation to update its answers to interrogatories to advise adverse parties of any potential witnesses, thus eliminating the element of surprise at trial." *Waters v. Barbe,* 812 S.W.2d 753, 758 (Mo.App. W.D.1991). Where the after-acquired information is of a material nature or where it will render the answers originally given untruthful, unreliable, or inaccurate, the obligation to disclose such after-acquired information continues. *Laws v. City of Wellston,* 435 S.W.2d 370, 375 (Mo.1968). "The application of the rule should not require the disclosure of every bit of information discovered after the answers are served, but should require that any information which is of a substantial nature and which will render the answers theretofore served untruthful, unreliable, or incomplete must be disclosed." *Id.*

Three interrogatories are the basis for the sanction imposed by the trial court. They are:

18. Do you or your attorney or any agent on your behalf have access to or know of any written or recorded statement taken from any person concerning the occurrences set forth in your petition . . . .

19. Does any person other than yourself or your attorneys, have personal knowledge of the facts complained of in you [sic] petition? . . . .

---

**2.** All rule references are to Supreme Court Rules (2001), unless otherwise stated.

20. State whether or not an investigation[3] was conducted into the facts or causes of the occurrence as alleged in your petition by you or your representatives, including your attorneys or anyone else of whom you have knowledge. . . .

 To argue that the videotape should have been revealed in supplemental answers to these interrogatories, Respondent takes the position that these specific interrogatories extend to any potentially negligent actions on the part of Respondent at any time in the future. Appellants claim that the words in Interrogatories 18, 19, and 20 limit the request to evidence concerning the negligence that occurred on September 3, 1992. We agree. The express language of these interrogatories requires the information requested to relate to the facts or occurrences pled in the petition. The facts pled in the petition are about one event that occurred on September 3, 1992. In essence, the specific Interrogatory 18 asks for statements taken from any person about the occurrence of September 3, 1992. Interrogatory 19 asks for witnesses with personal knowledge of the events of September 3, 1992. Interrogatory 20 asks whether an investigation was done on the facts or causes of the September 3, 1992 inspection.

The videotape at issue was made years after the alleged act of negligence at an entirely different termite inspection. The videotape reveals no expert witnesses. Respondent does not argue that the videotape would have been admissible at trial or that the contents of the videotape contain statements concerning the events that occurred on September 3, 1992. In fact, in his suggestions to the court in support of the motion for sanctions, Respondent claims the video is "wholly irrelevant." Its existence does not render the original answers to these interrogatories untruthful, unreliable, or inaccurate in any way. We see no reason why Appellants were required to supplement their answers to Interrogatories 18, 19, or 20 with information concerning the videotape. *See Rickard v. Pratt,* 459 S.W.2d 13, 16 (Mo.App.1970) (no duty to supplement when the interrogatory requested treating or attending physicians as a result of the injury and subsequent physical examination was for purposes of fitness for the military).

If Appellants were not obligated to supplement the interrogatories, then clearly the sanction was unwarranted. Based on the record before us, we find the court abused its discretion in imposing the sanction of dismissing Appellants' pleadings. We reverse the judgment of the trial court and remand for trial.

GARRISON, P.J., and PREWITT, J., concur.

---

3. Respondent contends that Appellants misquote the correct wording of this interrogatory in their brief to this court. Appellants used the word "inspection" instead of "investigation." According to the legal file, Interrogatory 20 used the word "investigation," however, Respondent used the word "inspection" in their argument and suggestions to the trial court. We will assume the trial court would not have made a different decision had the correct interrogatory been used in Respondent's suggestions. Our analysis is the same using either word.